IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEITH MARTIN TAYLOR, 1376096,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-1841-D |
| ) | |
| **RICHARD THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

On June 7, 2006, Petitioner was convicted of aggravated robbery and sentenced to sixty years confinement. *State v. Taylor*, No. F-0457019-QM (194th Jud. Dist. Ct., Dallas County, Tex., June 7, 2006). On June 25, 2007, the Fifth District Court of Appeals affirmed the conviction and sentence. *Taylor v. State*, No. 05-06-00844-CR (Tex. App. – Dallas, June 25, 2007, pet. ref'd). On December 12, 2007, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *In re Taylor*, PDR No. 995-07. On May 27, 2008, the United States Supreme Court denied Petitioner's petition for writ of certiorari.

On May 8, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Taylor*, Application No. 64,728-01. On September 9, 2009, the Court of Appeals dismissed the

petition without written order.

On September 25, 2009, Petitioner filed this federal petition. He argues:

(1)     the evidence was insufficient to support the conviction;

(2)     he received ineffective assistance of counsel because counsel:

(a) conceded he was guilty;

(b) failed to object to expert testimony; and

(c) acted under a conflict of interest.

On March 15, 2010, Respondent filed its answer. On April 23, 2010, Petitioner filed a response. The Court determines the petition should be denied.

## II.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> Jeanne Canright left a craft supplies store with her infant daughter at about 9:00 a.m. As she buckled the child in an infant seat, Canright "felt" someone approaching her. She was leaning into the back seat when a man stood very close to her. She stood up and saw appellant standing there. Appellant said, "You know what this is, give me your purse and your keys." Appellant had a "hunk of concrete or rock" in his hand. Canright gave appellant her purse, saying, "Let me get the baby, let me get the baby." While Canright reached in the back seat and unbuckled the baby from the car seat, appellant said, "Don't scream, don't scream." Canright got the baby out of the car and ran back to the store. When she got to the automatic doors, Canright turned around and saw appellant driving her car from the store's parking lot.

*Taylor v. State*, No. 05-06-00844-CR, slip op. at 1-2.

## III.  Discussion

## 1.     Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

    (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

        (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

        (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

**2.**    **Insufficient Evidence**

Petitioner argues there was insufficient evidence to support the deadly weapon finding. He states no weapon was found, there is no evidence the alleged weapon qualified as a deadly weapon and there is no evidence that the complainant reasonably feared for her safety.

Federal habeas review of an insufficiency of the evidence claim is extremely limited.  A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991).  The

evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

Under Texas law, a person commits aggravated robbery if he commits robbery and "uses or exhibits a deadly weapon." Tex. Penal Code § 29.03(a)(2). A "deadly weapon" is defined as "anything that in the manner of its use or intended use is capable of causing serious bodily injury." TEX. PENAL CODE Ann. § 1.07(a)(17)(B).

The evidence is legally sufficient to support a deadly weapon finding where: (1) the object meets the statutory definition of a dangerous weapon under Tex. Penal Code § 1.07(a)(17)(B); (2) the defendant used or exhibited the deadly weapon during the transaction from which the felony conviction was obtained; and (3) other people were put in actual danger. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (*en banc*).

In this case, the record shows the complainant testified as follows:

| | |
|---|---|
| COMPLAINANT: | [Petitioner] . . . had a hunk of concrete or a rock in his hand. |
| PROSECUTOR: | And how big was that? |
| COMPLAINANT: | It was bigger than his hand. You could – you know, I could see the tips of his fingers around it. |

* * *

| | |
|---|---|
| PROSECUTOR: | So how was he holding it? |
| COMPLAINANT: | He was holding it like this, like he's showing me that he had it. |

* * *

| | |
|---|---|
| PROSECUTOR: | As he's holding that piece of concrete, what did you think he was going to do? |

| | |
|---|---|
| COMPLAINANT: | I was – my main concern was he was going to take the baby.  I thought if he smashes me over the head and throws me in the car – or he could smash me in the head and just take the car with the baby and how will I ever find her, what would he do to her. . . . I was just afraid he was going to smash me in the head or in the face or something so that he could take the baby. |

(Trial Tr. Vol. 3 at 16-18.)

The complainant therefore testified that the weapon was a chunk of concrete or rock that was bigger than Petitioner's hand.  She testified that Petitioner exhibited the weapon "like he's showing me that he had it." (*Id*. at 16.)  Finally, the complainant testified she was in fear that Petitioner would hit her in the head or face with the weapon.  (*Id*. at 18.)  Viewing this evidence in the light most favorable to the verdict, Petitioner has failed to show the evidence was insufficient to prove all elements of the use of a deadly weapon.

**3**.     **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel.  To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Conceding Guilt

Petitioner argues his counsel conceded his guilt when counsel stated in opening arguments that he agreed with the prosecutor's opening statement. The record shows defense counsel stated as follows:

> I think I agree with almost everything that was said just while ago, with one exception in Ms. Bullington's case. There was no evidence ever that a piece of concrete, a rock was used in that offense. The evidence will show that the car did not have any kind of rock or concrete when it was discovered, that there was no rock or concrete found anywhere in the vicinity between the place of the robbery and the place where the car was found.
>
> And the other case of Ms. Bullington – I mentioned Ms. Canright first. I think I misspoke. With Ms. Bullington, when her car was being stolen, she jumped up on the side of the car to try to keep it from being stolen.

(Trial Tr. Vol. 3 at 10-11.)

The record shows defense counsel did not concede Petitioner's guilt. He instead argued there was no evidence to prove the use of a deadly weapon in complainant Canright's case because no rock or concrete was found by police. Petitioner's claim should be denied.

### B. Expert Testimony

Petitioner argues counsel was ineffective because he failed to object to expert testimony. At trial, Officer Parnell testified that the rock or concrete described by the complainant was capable of causing serious bodily injury and that it was a deadly weapon. (Trial Tr. Vol. 3 at

41.) Petitioner states the Officer had no specialized knowledge or training to testify that the rock was a deadly weapon, and Officer Parnell never saw the rock or concrete because it was not recovered.

Under Texas law, either expert or lay testimony can be used to support a deadly weapon finding. *Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008). The prosecutor therefore did not have to qualify Officer Parnell as an expert. Additionally, the Officer had the complainant's description of the size of the rock or concrete to support his opinion that the object was a deadly weapon. Petitioner's claim is without merit and should be denied.

### C. Conflict

Petitioner argues his counsel was ineffective because he acted under an emotional conflict of interest. He states counsel referred to him as an "idiot" in closing arguments, showing that his counsel was biased against him.

On state habeas review, defense counsel submitted an affidavit explaining his trial strategy. He stated he intended "to paint Taylor as a hapless fool not a menacing, threatening presence." *Ex parte Taylor*, No. 64,728-01 at 70. Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). This claims should be denied.

### 4. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 6th day of February, 2012.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).